In an action to rescind a portion of an option selected by plaintiff on his retirement, judgment in favor of plaintiff reversed on the law and the facts, without costs, and the complaint dismissed on the law, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. That plaintiff was not aware of his wife’s condition at the time he made the selection for her is not ground for setting aside the option selected (Davis V. Equitable Life Assur. Society, 280 N. Y. 656), nor is there unjust enrichment on the part of defendants. (Woodworth V. Prudential Insurance Co., 258 App. Div. 103, affd. 282 N. Y. 704.) Plaintiff's letter of March 7, 1943, was a request for deferment of action by the Board of Estimate, which that body did not grant. It was not a cancellation of the option selected, nor a request for a change in the option he did select. There was no ground presented on which the resolution of the Board of Estimate of March 11, 1943, could be set aside. Furthermore, if plaintiff were to succeed in enforcing the change of option he desires, the courts would be giving approval to an option which the Administrative Code of the City of New York (§ B3-46.0) expressly empowers only the Board of Estimate to give, and which approval the Board of Estimate denied upon due application made to it prior to the commencement of this action. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur. Settle order on notice.